On Rehearing.
 

 ST. PAUL, J.
 

 A rehearing was herein granted to the defendant Dimitry, but limited
 
 *275
 
 to the question of costs and question whether Dimitry’s liability for the $6,000 awarded Garland, the plaintiff:, is unconditional or payable only out of his (Dimitry’s) fee in the succession of Mrs. Florence Toombs.
 

 It is admitted at the bar, and the letter of January 5, 1926, which we have found to express the contract between Garland and Dimitry, expressly provides, that the fees payable by Dimitry to Garland should be payable out of the fees which Dimitry was to receive from the heirs of Mrs. Toombs, and hence our decree must be amended accordingly.
 

 As to the costs, we adhere to our decree taxing the costs of appeal against Garland, and the costs of the lower court against Dimitry.
 

 As we read the record, Garland first sued for one-half the fee to be received by Dimitry
 
 from the
 
 heirs of Mrs. Toombs under an alleged oral agreement, and in the alternative (by supplemental petition) he ashed for judgment on quantum meruit for $25,000, should the court hold against him on the alleged verbal contract.
 

 In defense thereof, Dimitry set up the written contract (letter of January 5, 1926), which we found to be contract between the parties, and then proceeded to deny any liability whatsoever to said Garland on the ground that said Garland had breached his contract with Dimitry by abandoning him, said Dimitry, and in sundry and divers other manners not necessary to go into at this time. (Tr. No. 28763, p. 34.)
 

 So that the issue was squarely presented whether said Garland was entitled to recover anything whatsoever from Dimitry, and, if so, whether under verbal contract, or quantum meruit, or on the written contract of January 5,1926.
 

 The lower court found Garland entitled to recover on the verbal contract; Dimitry appealed, and this court found that the written contract should govern.
 

 ' We therefore see no reason for taxing the costs otherwise than according to the Code of Practice, which provides' that the costs follow the judgment. O. P. art. 157. For the case was tried as a wñole, and the evidence therein adduced all bore upon the one vital issue therein involved, to wit, whether Garland was entitled to recover from Dimitry, and, if so, how much.
 

 The decree heretofore rendered is therefore amended, so as to provide that the amount of $6,000 allowed Garland against
 
 Dimitry be
 
 declared payable Only out of such fee as Dimitry may receive from the succession or heirs of Mrs. Florence Toombs, and, as thus amended, said decree is now reinstated and made the final judgment of this court.
 

 O’NIELL, O. J., takes no part.